## (June 30, 1953.)

■

NATHAN UDELL, Doing Business as LIBERTY METAL PRODUCTS COMPANY, Appellant, v. MORRIS COHEN et al., Doing Business under the Name of AMCO BRASS & STEEL SUPPLY Co., Respondents.

*Per Curiam.* This controversy turns on the quantity of merchandise which defendants were to deliver to plaintiff as evidenced by the written memorandum of October 8, 1947.

A court would expect that a memorandum, using the expression "Approx. 10,000" as to "single heaters" and "Approx. 10,000" as to "2 burners", would be understandable enough to business men in the quantities contemplated and it seems on its face sufficiently explicit to be enforcible according to its terms, and not to be satisfied by the delivery of such relatively small quantities as 1,756 single and 3,074 double burners.

Defendants contend, however, that the commitment as to quantity was qualified by the clause "All in perfect condition" and that all those in perfect condi-

tion were delivered and hence the contract was performed. Plaintiff interprets this clause as a guarantee that the specified number of burners were all in perfect condition.

There is a sufficient ambiguity in this respect to warrant the taking of parol evidence as the court did, as to whether the clause was a representation of quality of all the burners or a qualitative condition limiting the number of burners to be delivered. Assuming that the latter view might be adopted by the court, defendants failed to show the number that was defective and that they delivered all that were in good condition and failed to account for the large discrepancy between the approximate number of burners specified and the number delivered.

In the decision at Trial Term defendants' counterclaim for reformation of the instrument was dismissed because the court felt that in view of its decision to permit free interpretation of the language, it became unnecessary to reach the need for reformation. Upon a new trial, however, we would regard that question as open and defendants may, if they are so advised, apply to the court at Special Term for the reinstatement of their counterclaim.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

CALLAHAN, J. (dissenting in part). I agree with the view of the majority that a contract for " Approx. 10,000 " units is sufficiently definite as to quantity to be enforcible, and is not satisfied by delivery of relatively small quantities. However, I disagree with their view that the additional words " All in perfect condition " create an ambiguity authorizing the receipt of proof to show that in fact the contract did not require the seller to deliver " Approx. 10,000 " units, but permitted him to fulfill the bargain by delivering only a much smaller number of units in his possession that were in good condition. Such a construction would permit the nullification of a contractual provision fixing the *quantity* by another and independent provision referring to *quality* of the goods. In my opinion, this was a contract (as it says in so many words) for approximately 10,000 units all in perfect condition. The defendants' unjustified failure to deliver such quantity in such condition renders them liable in damages to the plaintiff. Accordingly, I vote to reverse the judgment appealed from and for direction of judgment in favor of the plaintiff with an assessment of damages.

Peck, P. J., Dore, Breitel and Bergan, JJ., concur in *Per Curiam* opinion; Callahan, J., dissents in part in opinion.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event. [See *post*, p. 866.]